## DURFEE CHASE

*v.*

## EDWARD A. FROST.

EXECUTION *from the county court of LaSalle county—within what time it may issue.* A writ of execution can not issue for the first time on a judgment rendered in the county court of LaSalle county after the expiration of a year and a day from the rendition of the judgment.

APPEAL from the county court of LaSalle county; the Hon. C. H. GILMAN, Judge, presiding.

Mr. A. T. CAMERON and Messrs. DICKEY, BOYLE & RICHOLSON, for the appellant.

Messrs. BRUSH & BUTLER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On the 11th day of August, 1866, a judgment by confession was rendered, in favor of appellee, in the county court of LaSalle, and against appellant, for the sum of $244.32 and costs of suit. No execution was issued until the 3d of January, 1871. The first execution was then issued and delivered to the sheriff of LaSalle county, who seized personal property of appellant to satisfy the same. At the January term of the same year he applied to the court to have the execution quashed, upon the ground that no execution had been issued within a year from the last day of the term at which the judgment was rendered.

On a hearing, the court overruled the motion, and the record is brought to this court by appeal, and the decision of the court assigned for error.

The second section of the act which confers jurisdiction on the county court, is this :

" The writs and process of said county courts shall be issued and executed in the same manner as the writs and process of the circuit.courts of this State, and the rules, proceedings and practice, not herein otherwise provided for, shall conform, as near as may be, to the rules, proceedings and practice of the said circuit courts; and all fines, orders, judgments and decrees of said county courts shall be and remain a lien upon the lands, tenements and real estate of the person against whom the same may be obtained for the period of seven years from the last day of the term in which the same shall be entered; but no final order, judgment or decree shall be entered in vacation, except judgments by confession, which may be entered at any time upon filing the proper papers with the clerks of said courts, and shall have the same force and effect from the time of entry, as if entered in term time." (Scates' Comp. 659.)

The first clause of this section declares that, writs and process of the county court shall be issued and executed in the same manner as writs and process of circuit courts of this State. It only remains, therefore, to ascertain in what manner writs are issued from and executed by the circuit courts, and what rules, proceedings and practice obtain in such courts, to determine whether the court erred in overruling the motion.

In the case of *The People* v. *Peck*, 3 Scam. 119, it was held that an execution can not issue when more than a year and a day has elapsed since the rendition of the judgment. That case was a *mandamus* to compel the clerk to issue an execution, but the court say that, as no execution was issued within a year and a day, that fact of itself would have justified the clerk in refusing to issue. So far as we are aware, the rules,

proceedings and practice of the circuit courts have conformed to that decision, and it has been accepted and acted upon by the profession until the present case, without being questioned. That is the manner in which writs are issued from the circuit courts of the State, and inasmuch as no greater power is conferred on this county court than is possessed by the circuit courts, it must, in this respect, conform to the same practice. The writ issued without authority, and should have been quashed.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*